# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **MATTHEW BUNCH,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **CIVIL NO. 1:20-CV-1237-RP** |
| **AUSTIN FIREFIGHTERS** | § | |
| **ASSOCIATION, LOCAL 975;** | § | |
| **ROBERT NICKS, IN HIS OFFICIAL** | § | |
| **CAPACITY AS PRESIDENT OF** | § | |
| **LOCAL 975; B. CRAIG DEATS; and** | § | |
| **MATTHEW BACHOP,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE ROBERT PITMAN
### UNITED STATES DISTRICT JUDGE

Before the Court are Defendants B. Craig Deats and Matthew Bachop's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed December 28, 2020 (Dkt. 4); Defendants Austin Firefighters Association Local 975 and Robert Nicks' Motion to Dismiss for Failure to State a Claim, filed December 29, 2020 (Dkt. 5); Plaintiff's Motion to Remand to State Court, filed January 24, 2021 (Dkt. 12); and the associated response and reply briefs. On April 8, 2021, the District Court referred the motions and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 16.

## I.        General Background

*Pro se* Plaintiff Matthew Bunch was a firefighter with the Austin Fire Department ("AFD") for 17 years. On January 31, 2013, Plaintiff was transferred to another fire station over his objections. Plaintiff immediately filed an administrative grievance complaining about the

"fraudulent transfer" with AFD's Professional Standards Office "in accordance with AFD Policy and Procedure E304." Dkt. 1-5 ¶ 25.

On May 27, 2013, while Plaintiff's grievance was pending, Plaintiff was arrested for public intoxication and disturbing the peace after he got into a fight at a Memorial Day holiday celebration. Plaintiff claims that "he was not intoxicated but rather must have somehow been drugged while at the lake that day." *Id.* ¶ 34. Plaintiff contends that he had "most likely been hallucinating and blacking out throughout the day due to the synergistic effect" of consuming a margarita shortly after taking his morning dose of clonazepam (for bipolar disorder). *Id.* ¶¶ 39-41.

On May 28, 2013, AFD opened an internal investigation into Plaintiff's arrest. Robert Nicks, President of Plaintiff's labor union, Austin Firefighters Association Local 975 ("Local 975"), represented Plaintiff during the investigation. On September 11, 2013, after the investigation was complete, AFD indefinitely suspended (i.e., terminated) Plaintiff's employment.

Chapter 143 of the Texas Local Government Code, known as the Fire Fighter and Police Officer Civil Service Act, outlines the disciplinary process by which a municipality may suspend an officer and how that officer may appeal the suspension. TEX. LOC. GOV'T CODE ANN. §§ 143.051-.057 (West 2005). A police or fire department may suspend an officer for a violation of civil service rules. *Id.* § 143.052(b). "The officer may then appeal the suspension to either the Fire Fighters' and Police Officers' Civil Service Commission, or an independent third-party hearing examiner." *City of DeSoto v. White*, 288 S.W.3d 389, 392 (Tex. 2009) (quoting §§ 143.010, .053, .057(b)). If the officer appeals to a civil service commission, the officer may seek review of the commission's decision with a state district court, which conducts a *de novo* review. *Id.* However, if the officer appeals to a hearing examiner, the officer waives subsequent review by a state district court, except "on the grounds that the hearing examiner was without jurisdiction or

exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means." *Id.* (quoting TEX. LOC. GOV'T CODE ANN. § 143.057(j) (West 2005)). The Act further requires the fire or police department to notify the officer of his appeal options and the appeal limitations if he chooses to appeal to a hearing examiner. *Id.* § 143.057(a).

Here, Plaintiff chose to appeal his termination to a third-party hearing examiner under § 143.057. Local 975 arranged for attorneys B. Craig Deats and Matthew Bachop to represent Plaintiff during his appeal. On December 31, 2013, the hearing examiner affirmed Plaintiff's indefinite suspension. Plaintiff did not file an appeal of the hearing examiner's decision in state court because he claims that Deats and Bachop, at Nicks' direction, falsely told him that the state district court had authority only to grant Plaintiff a new hearing before a hearing examiner, and did not have the power to reinstate Plaintiff to his former position at AFD. Dkt. 1-5 ¶ 52. Plaintiff contends that he did not appeal the hearing examiner's decision because he would not "subject himself to the same miserable, unfair process and outcome." *Id.* ¶ 53.

Seven years later, Plaintiff filed this action in state court against Local 975, Nicks, Deats, and Bachop (collectively, "Defendants"). *Bunch v. Austin Firefighters Assoc., Local 975*, D-1-GN-20-002437 (353rd Dist. Ct. Travis County, Tex. May 1, 2020) (Dkt. 1-2). Plaintiff does not challenge the hearing examiner's decision affirming his termination; rather, Plaintiff alleges that Defendants conspired to give him false information during the internal investigation into his arrest and the appeal of his termination to induce him to waive his right to appeal.

In his Original Petition, Plaintiff asserted only state law claims of fraud, fraudulent inducement, breach of fiduciary duty, fraud by nondisclosure, and conspiracy to defraud. On December 20, 2020, Plaintiff filed his Second Amended Original Petition (the "Complaint"), alleging the same state fraud and conspiracy claims as his prior petitions, but also adding as

Count VI a due process claim under Article I, Section 19 of the Texas Constitution. Dkt. 1-5 ¶¶ 75-86. In his due process claim, Plaintiff alleges that he had a vested property interest in his job under Article I, Section 19 of the Texas Constitution, "which Defendants deprived him of without due process when they fraudulently induced" him to waive his right to appeal to state court. *Id.* ¶ 76. Plaintiff also complains that Defendants denied him his right to appeal under § 143.057(j) of the Texas Local Government Code. In addition, Plaintiff alleges that the deprivation of his due process rights violated the Fourteenth Amendment, Dkt. 1-5 ¶ 77, but does not allege a separate federal constitutional claim under 42 U.S.C. § 1983.

On December 22, 2020, Deats and Bachop, with Local 975 and Nicks' consent, removed this case to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1441(a). Dkt. 1. Although Defendants admit that Plaintiff's Complaint does not mention Section 1983, they nevertheless contend that Plaintiff's newly asserted constitutional claim alleges a Fourteenth Amendment claim against Defendants under Section 1983.

A few days after Defendants filed their Notice of Removal, they filed the instant Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's Complaint fails to state a plausible claim for relief. Plaintiff opposes the motions as to his fraud and conspiracy claims, but agrees that his Complaint fails to state a viable constitutional claim under either the Fourteenth Amendment or the Texas Constitution. Plaintiff also has filed a Motion to Remand, in which he argues that this case should be remanded to state court because Plaintiff has not alleged a federal cause of action and, therefore, the Court lacks subject matter jurisdiction.

## II. Legal Standards

### A. Motion to Dismiss

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**B. Motion to Remand**

The federal removal statute allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over two general types of cases: cases that arise under federal law ("federal question jurisdiction"), and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties ("diversity jurisdiction"). *Id.* §§ 1331 and 1332(a); *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Defendants removed this case based on federal question jurisdiction under Section 1331, which

provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Once a defendant removes an action from state to federal court, the plaintiff may move to remand. 28 U.S.C. § 1447(c). Under Section 1447(c), a district court must remand a removed case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." On a motion for remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* To determine whether jurisdiction is present, courts consider the claims in the state court petition as they existed at the time of removal. *Id.*

### III.    Analysis

In their Motions to Dismiss, Defendants argue that Plaintiff's fraud and conspiracy claims fail because they are barred by the statute of limitations and, in the alternative, fail on the merits. Defendants further argue that Plaintiff's due process claim under the United States and Texas Constitutions fail because none of the Defendants are state actors or were alleged to have acted under color of state law. In response, Plaintiff argues that that his fraud and conspiracy claims are meritorious, and that the discovery rule should apply to toll the statute of limitations. Plaintiff, however, agrees that the Court should dismiss his constitutional claims because he "is now fully aware that a constitutional violation claim cannot be levied against private citizens" and that he "never asserted that the Defendants acted under color of state law." Dkt. 9 at 2.

In his Motion to Remand, Plaintiff argues that Defendants' removal was improper under 28 U.S.C. § 1441(a) because "Plaintiff never presented a federal question on the face of his

complaint." Dkt. 12 at 3. Accordingly, Plaintiff contends that the case must be remanded to state court for lack of subject matter jurisdiction.

Because Plaintiff's Motion to Remand addresses the threshold question of the Court's subject matter jurisdiction, the Court will address that motion before turning to the Rule 12(b)(6) Motions. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (holding that courts cannot decide the merits of a claim without first deciding whether they have jurisdiction).

## A.  The Well-Pleaded Complaint Rule

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

> [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

## B.  Plaintiff Has Not Alleged a Colorable Federal Claim

Count VI of Plaintiff's Complaint alleges a "Constitutional Violation" against all Defendants. Dkt. 1-5 at 15. Specifically, Plaintiff alleges that he "had a right to continued employment under the Civil Services Act which creates a vested property right under Article I, Section 19 of the Texas Constitution," and that Defendants deprived him of that property right when they fraudulently induced him to waive his rights under Section 143.057(j) of the Texas Local Government Code. *Id.* ¶¶ 76, 80-86. While Count VI also alleges that "[t]his unjustified deprivation of due process

actions is also in direct violation of the 14th Amendment to the Constitution of the United States of America," Plaintiff does not assert a separate federal constitutional claim under Section 1983. *Id.* ¶ 77.

Defendants argue that Plaintiff alleges a Fourteenth Amendment claim under Section 1983 because "Plaintiff claimed that he was deprived his right to due process in violation of the Fourteenth Amendment." Dkt. 14 at 4. Although Defendants acknowledge that Plaintiff does not specifically mention Section 1983 in his Complaint, they argue that "he effectively pled a 42 U.S.C. §1983 claim," *id.,* and that "[t]ypically, proceeding under § 1983 is sufficient to provide federal question jurisdiction through 28 U.S.C. § 1331." Dkt. 1 at 3.

While Plaintiff acknowledges that he mentioned the Fourteenth Amendment in his Complaint, he contends that he never intended to allege a Fourteenth Amendment claim against Defendants under 42 U.S.C. § 1983. Plaintiff argues that Defendants are attempting to manufacture federal question jurisdiction under 28 U.S.C. § 1331 "by painting the Plaintiff's insufficient and nonviable Constitutional Violation 'cause of action' as a 42 U.S.C. § 1983 claim." Dkt. 12 at 2. Plaintiff contends that "Defendants are unable to create a Section 1983 cause of action, *on the Plaintiff's behalf*, as Plaintiff *never averred the required element* of a Section 1983 claim that the complained of conduct occurred "under the color of law.'" *Id.* Thus, in essence, Plaintiff argues that the Court does not have subject matter jurisdiction over this case because he did not allege a colorable Fourteenth Amendment claim under Section 1983. The Court agrees.

In order to show that federal question jurisdiction exists, "[t]he plaintiff need not specifically cite a federal provision such as Section 1983, but he must allege facts sufficient to establish a colorable issue of federal law." *Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017) (internal citations omitted); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). ("A plaintiff

properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States."); *WickFire, L.L.C. v. Laura Woodruff; TriMax Media, L.L.C.*, 989 F.3d 343, 352 (5th Cir. 2021) (noting that "the claim need only be 'colorable' to invoke federal question jurisdiction").

A lawsuit may be dismissed or remanded for lack of subject matter jurisdiction because of the inadequacy of the federal claim when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel*, 523 U.S. at 89. "A claim is wholly insubstantial and frivolous if it is foreclosed by previous decisions of the Supreme Court." *WickFire*, 989 F.3d at 349. The Supreme Court's previous decisions foreclose a claim when the "unsoundness" of the claim "so clearly results from the previous decisions . . . as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." *Id.* (quoting *Hagans v. Lavine*, 415 U.S. 528, 543 (1974)). As the Seventh Circuit has reasoned:

> It not enough to utter the word "Constitution" and then present a claim that rests on state law. If it were, every claim that a state employee committed a tort, or broke a contract, could be litigated in federal court. It is therefore essential that the federal claim have some substance—that it be more than a pretext to evade the rule that citizens of a single state must litigate their state-law disputes in state court. When the federal theories are insubstantial in the sense that "prior decisions inescapably render the claims frivolous", there is no federal jurisdiction.

*Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) (quoting *Hagans*, 415 U.S. at 538).

Plaintiff does not allege facts sufficient to establish a "colorable" Fourteenth Amendment due process claim against Defendants. The Fourteenth Amendment provides, in relevant part:

> "No state shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law . . . ."

U.S. Const. amend. XIV, § 1. "The Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). Similarly, Section 1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth Amendment, prohibits interference with federal rights under color of state law. *Id.* at 838. As the Supreme Court has stated, "the principle that private action is immune from the restrictions of the Fourteenth Amendment is well established and easily stated." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974). Thus, "[t]he Fourteenth Amendment prohibits the state from depriving any person of life, liberty, or property without due process of law, but it adds nothing to the rights of one citizen as against another." *Barrera v. Security Bldg. & Inv. Corp.*, 519 F.2d 1166, 1169 (5th Cir. 1975). Moreover, the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). As Defendants Deats and Bachop state in their Motion to Dismiss: "Where there is no state action, no section 1983 constitutional claim exists." Dkt. 4 at 11-12 (quoting *Yeager v. City of McGregor*, 980 F.2d 337, 338 (5th Cir. 1993)).

All of the Defendants are private citizens, and Plaintiff does not allege that they were state actors or acted under color of state law. *See* Plaintiff's Response to Defendants' Motion to Dismiss, Dkt. 9 at 2 ("Bunch is now fully aware that a constitutional violation claim cannot be levied against private citizens, and more so, as Bunch never averred that the Defendants acted under the color of law, a valid and sufficient claim for a constitutional violation never actually existed."). Accordingly, Plaintiff fails to assert a colorable Fourteenth Amendment claim under Section 1983 because he fails to allege that Defendants were state actors or were acting under color of state law.[1]

---

[1] Defendants oppose the Motion to Remand, but move to dismiss Plaintiff's claims on this very basis. *See* Deats and Bachop's Motion to Dismiss, Dkt. 4 at 4 ("Because Bunch failed to plead that Deats and/or

Based on the Supreme Court precedent cited above, the Court concludes that any potential Fourteenth Amendment claim asserted in Plaintiff's Complaint is insubstantial, frivolous, and completely devoid of merit. Accordingly, the Court does not have federal question jurisdiction over Plaintiff's lawsuit and Plaintiff's Motion to Remand should be granted. *See Williamson ex rel. J.S.W. v. Presbyterian Christian Sch., Inc.*, No. 2:18-CV-15-LG-MTP, 2018 WL 10419234, at *3 (S.D. Miss. Oct. 2, 2018) (finding that court lacked subject matter jurisdiction where plaintiff failed to allege colorable Fourteenth Amendment claim against private party defendants by failing to allege they were state actors); *Moore v. Collins*, No. 3:14-CV-2197-G BN, 2014 WL 5553646, at *8 (N.D. Tex. Oct. 31, 2014) (finding no federal question jurisdiction over plaintiff's Fifth and Fourteenth Amendment claims where plaintiff did not allege any state action), *aff'd*, 631 F. App'x 254 (5th Cir. 2016); *see also Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 138-39 (2d Cir. 2002) (holding that plaintiff's due process claim failed to confer federal jurisdiction where defendant was not a state actor).

Because the Court recommends granting Plaintiff'' Motion to Remand, the Court recommends that the District Court dismiss Defendants' Motions to Dismiss as moot.

### IV.   Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Remand to State Court (Dkt. 12) and **REMAND** this action to the 353rd Judicial District Court of Travis, County, Texas.

The Court **FURTHER RECOMMENDS** that the District Court **DISMISS AS MOOT** Defendants' Motions to Dismiss (Dkt. 4; Dkt. 5).

---

Bachop are stater actors or working under state authority, his Fourteenth Amendment due process claim fails."); Local 975 and Nicks' Motion to Dismiss, Dkt. 5 at 2 ("Bunch has not stated a claim for a constitutional violation under the Fourteenth Amendment because Bunch has not alleged that any of the Defendants were acting as state actors (or under color of state law) when they advised him of his right to appeal.").

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 12, 2021.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE